Richard H. Brown
**DAY PITNEY LLP**
1 Jefferson Road
Parsippany, NJ 07054
(973) 966-6300

A TTORNEYS  F OR  P LAINTIFF

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALL JERSEY MECHANICAL & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALL JERSEY MECHANICAL, LLC., <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br> **AND DEMAND FOR JURY TRIAL** |

Plaintiff, All Jersey Mechanical & Construction, Inc., by its attorneys, Day Pitney LLP, as and for its Complaint against defendant, alleges:

**PRELIMINARY STATEMENT**

This is an action by All Jersey Mechanical & Construction, Inc. ("AJMC") against Defendant All Jersey Mechanical, LLC ("AJMLLC") for trademark infringement. Plaintiff is the owner of the trade name and trademark ALL JERSEY. Under this mark, Plaintiff offers residential and commercial HVAC, plumbing, electrical, and contracting services (the "AJMC

102902175.1

Services"). For over twenty (20) years, consumers and business owners have come to recognize the ALL JERSEY name as exclusively associated with AJMC for the AJMC Services and it has become well known as providing the highest level of quality and customer service. Defendant is a competing HVAC, plumbing, and contracting services provider that has recently adopted an identical name for its services in the same geographic area.

## PARTIES

1. Plaintiff All Jersey Mechanical & Construction, Inc. is a New Jersey corporation having a principal place of business at 77 Cliffwood Avenue, Suite 4C, Cliffwood, NJ 07721.

2. Defendant All Jersey Mechanical, LLC is a New Jersey limited liability company having a principal place of business at 26 Breakneck Road, Sewell, NJ 08080.

## JURISDICTION AND VENUE

3. This action arises under the federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related state statutes and the common law. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §§ 1116, 1121, and pursuant to 28 U.S.C. § 1338(a) and (b). The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a), and under principles of pendent jurisdiction.

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is a New Jersey limited liability company, has its headquarters and conducts substantial business within this District.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is doing and transacting business in this Judicial District; Defendant has substantial contacts with and/or may be found in this Judicial District; a substantial portion of the events at issue have arisen

and continue to occur in this Judicial District; and Defendant has committed the tortious acts complained of herein in this Judicial District, among others.

## FACTS

### A. ALL JERSEY Is a Strong Trademark and is Closely Associated with Plaintiff's Goods and Services

6. AJMC is a commercial and residential contractor providing HVAC, plumbing, electrical, remodeling, and construction services.

7. Over 20 years ago AJMC adopted the trade name and trademark ALL JERSEY for its AJMC Services (The "ALL JERSEY Mark"). The ALL JERSEY-branded services are provided by licensed, insured, and supervised HVAC, plumbing, electrical, and construction professionals. AJMC's customers value the expertise, quality, and efficiency of services provided under the ALL JERSEY Mark. Through AJMC's efforts, advertising, and long history of excellence in its service area, ALL JERSEY has become synonymous with reliable, consistent, and high quality HVAC, plumbing, electrical, and construction services. AJMC's customers place significant trust in AJMC due to the risks and dangers associated with shoddy, non-compliant, or incorrect HVAC, plumbing, electrical, and construction services.

8. AJMC maintains an active and high-profile presence on the Internet at www.alljerseysystems.com, which contains informational content, on-line service scheduling, and self-promotional content. AJMC also operates a Facebook page at www.facebook.com/alljerseysystems.com, which has over 4,250 followers.

9. Given its longstanding exclusive use, advertising, and excellence in its trading area, Plaintiff has built up significant valuable goodwill in its ALL JERSEY Mark, which is immeasurable to Plaintiff.

10. As a result of Plaintiff's long and continuous use of the distinctive ALL JERSEY name and mark and the commercial success of its AJMC Services offered under this mark, Plaintiff has achieved substantial goodwill in the ALL JERSEY name and mark. As a result, consumers and business owners have come to know that HVAC, plumbing, electrical, and construction services marketed under the ALL JERSEY name and mark are of the highest quality and exclusively associated with Plaintiff.

11. Accordingly, Plaintiff owns strong and protectable trademark rights to the ALL JERSEY name and mark.

### B. AJMLLC's Willful Infringement

12. Defendant AJMLLC is a competing provider of HVAC, plumbing, and home improvement services in the same geographic trading area as Plaintiff.

13. On information and belief, AJMLLC is lacking proper licensure from the State of New Jersey for its HVAC, plumbing, and home improvement contractor services.

14. Until recently AJMLLC operated an internet website at www.alljerseymechanical.com. AJMC also operates a Facebook page at www.facebook.com/alljerseymechanicallc, which has 255 followers.

15. AJMLLC is promoting its services and sowing confusion by placing signage in residential yards that prominent displays the mark ALL JERSEY and has also sponsored an automobile racing team, placing its own ALL JERSEY mark prominently on the side.

16. AJMLLC's "ALL JERSEY" name and mark is identical to and directly appropriates Plaintiff's ALL JERSEY name and mark.

17. AJMLLC offers the same types of HVAC, plumbing, remodeling, and construction services as the AJMC Services offered under its "ALL JERSEY" mark.

- 4 -

102902175.1

18. Defendant's services offered under its "ALL JERSEY" mark are targeted to the same customers as AJMC's services. Thus, overlap between Plaintiff's ALL JERSEY Mark and the Defendant's use of "ALL JERSEY" in the marketplace is certain and will be pervasive.

19. With two ALL JERSEY branded companies both providing residential HVAC, plumbing, and construction services, confusion among consumers is likely.

20. Publicly viewable consumer reviews of AJMLLC on the Internet suggest that AJMLLC has been non-responsive to emergencies and has provided poor quality work.

21. A complaint filed with Rip-Off Report by a customer of AJMLLC suggests that AJMLLC does not have proper state licensure for its work and that AJMLLC gave false and misleading license information that was stolen from Plaintiff's site.  See Attached Exhibit A. This conduct, if true, suggests that AJMLLC was willfully intending to deceive customers into believing it was associated, related or affiliated with Plaintiff.

**C.     AJMLLC Appreciates the Likelihood of Confusion**

22. On March 12, 2019, Plaintiff, through counsel, demanded that Defendant cease its infringement of Plaintiff's ALL JERSEY name and mark.

23. On March 15, 2019, Defendant responded and indicated that AJMLLC does not want to be confused with Plaintiff and that steps were being taken to change its name.

24. Despite further assurances and upon information and belief, AJMLLC has not taken any steps to adopt a non-confusingly similar name and continues to operate and advertise under its "ALL JERSEY" mark.

**D.     Confusion is Likely if AJMLLC uses ALL JERSEY in any Fashion**

25. Consumers and professionals are likely to believe that Defendant's use of "ALL JERSEY" is related to, affiliated with or endorsed by Plaintiff.

26. Defendant's use of the "ALL JERSEY" name and mark is likely to cause confusion, mistake or deception as to the source of the services being offered by Defendant.

27. Given the identical nature marks, customers familiar with Plaintiff's longstanding services under the ALL JERSEY Mark are likely to assume, incorrectly, that Defendant's services provided under its "ALL JERSEY" mark originated with Plaintiff or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendant's services.

28. Defendant adopted the infringing "ALL JERSEY" mark and registered the domain name and operates a Facebook page without adequately clearing the rights to the mark and domain name, and/or with reckless disregard for the prior existing rights of AJMC.

29. Additionally, if Defendant is not properly licensed by the State of New Jersey for its services, it is in violation of numerous state laws and could subject AJMLLC to liability. To the extent that there is confusion between such reckless action and Plaintiff, the harm to AJMC's ALL JERSEY Mark would be irreparable.

30. Defendant's offering of its services under its "ALL JERSEY" mark improperly trades off the goodwill established by Plaintiff in the industry.

31. Despite having notice of Plaintiff's rights, Defendant has continued its plans to widely market its services under the "ALL JERSEY" name and mark, and <u>willfully</u> and <u>knowingly</u> continues to market its services under the "ALL JERSEY" name and mark, without authorization from Plaintiff and in complete disregard of Plaintiff's rights.

32. Defendant, by the acts complained of herein, has infringed and continues to infringe Plaintiff's ALL JERSEY Mark, to dilute the unique commercial impression of Plaintiff's ALL JERSEY Mark, and otherwise improperly to usurp the reputation and goodwill of Plaintiff

to promote its competitive services, which are not connected with, authorized, approved, licensed, produced or sponsored by, Plaintiff.

33. The natural, probable and foreseeable results of Defendant's wrongful conduct has been and will continue to be to deprive Plaintiff of the benefit of its exclusive right to use its ALL JERSEY Mark, to deprive Plaintiff of the associated goodwill, and to injure Plaintiff's relations with its present and prospective customers.

34. The aforesaid acts of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## FIRST COUNT
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a))

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 as if set forth herein.

36. Defendant's unlawful and improper actions as set forth above are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendant's services, and to falsely mislead others into believing that Defendant's services originate from, are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff's services and goods are licensed, sponsored, authorized, approved, or sanctioned by Defendant.

37. Defendant's activities create the false impression and/or are likely to mislead consumers to believe, *inter alia,* that Defendant's services are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff's services

and goods are licensed, sponsored, authorized, approved, or sanctioned by Defendant, thereby misleading the medical services community.

38. Accordingly, Defendant's activities constitute an infringement of Plaintiff's common law ALL JERSEY Marks, unfair competition and false advertising in violation 15 U.S.C. § 1125(a).

39. Defendant's acts of infringement have caused injury to Plaintiff.

40. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of enhanced damages under 15 U.S.C. § 1117.

41. Defendant's acts of infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## SECOND COUNT
### (Trademark Infringement Under New Jersey Law)

42. Plaintiff repeats and realleges the allegations of paragraphs 1 through 41 as if set forth herein.

43. Defendant's aforesaid activities constitute use of an identical imitation of Plaintiff's mark in connection with the sale of goods or services that is likely to cause confusion or mistake or to deceive as to the source of origin of the services in violation of New Jersey Statute § 56:3-13.16.

44. Defendant's acts of trademark infringement have caused Plaintiff to sustain damage, loss and injury, in an amount to be determined at the time of trial.

45. Defendant has engaged and continues to engage in this activity knowingly and willfully, so as to justify the assessment of treble damages against them, attorneys' fees, and court costs.

46. Defendant's acts of trademark infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

### THIRD COUNT
### (Unfair Competition Under New Jersey Common Law)

47. Plaintiff repeats and realleges the allegations of paragraphs 1 through 46 as if set forth herein.

48. Defendant's unlawful and improper actions as set forth above are likely to cause confusion as to the source, sponsorship or legitimacy of the services sold by Defendant; misappropriate and trade upon the reputation and goodwill of Plaintiff in the ALL JERSEY Mark, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendant the benefits arising therefrom.

49. Defendant's unlawful activities constitute trademark infringement, unfair competition, and misappropriation as proscribed by the common law.

50. Defendant's acts of trademark infringement, unfair competition and misappropriation have caused Plaintiff to sustain damage, loss, and injury, in an amount to be determined at the time of trial.

51. Defendant has engaged and continues to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

52. Defendant's acts of trademark and service mark infringement, unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff All Jersey Mechanical & Construction, Inc. respectfully prays for judgment as follows:

A. For a preliminary and permanent injunction against Defendant and each of its affiliates, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise (collectively, "Defendant"):

1. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from using the "ALL JERSEY" name and mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the "ALL JERSEY" name and mark: (1) as a trade name, trademark, service mark, brand name, domain name, business or commercial designation; (2) in operating, maintaining or using a web site or domain name that incorporates the infringing ALL JERSEY mark on the Internet, or other Internet uses; or (3) in any other manner suggesting in any way that Defendant and/or its activities, services or products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff and/or its activities, services or products are affiliated in any way with Defendant.

2. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from using any other mark, term, slogan, tag line or phrase which suggests or tends to suggest in any way that Defendant and/or its activities or services originate from, are affiliated with, or are sponsored,

authorized, licensed, approved or sanctioned by Plaintiff, or that Plaintiff or its services or activities are affiliated in any way with Defendant.

3. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from using in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiff, or gives Defendant an unfair competitive advantage in the marketplace, or constitutes false advertising;

4. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from violating New Jersey Statute § 56:3-13.16.

5. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from engaging in any acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiff.

6. Restraining and enjoining Defendant, its agents, affiliates, representatives, and all those acting in privity with or under its direction or pursuant to its control, from inducing, encouraging, instigating, aiding, abetting, or contributing in any third-party usage of the "ALL JERSEY" name and mark in connection with Defendant's business.

B. For transfer of the Domain Name www.alljerseymechanical.com to Plaintiff.

C. For an award of Defendant's profits or other advantages and Plaintiff's damages resulting from Defendant's unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

D. For an award requiring Defendant, at its own expense, to furnish and distribute corrective marketing literature in a form to be approved by Plaintiff.

E. For an award of exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

F. For a declaration that the case is exceptional under 15 U.S.C. § 1117(a);

G. For an award of attorneys' fees and disbursements incurred by Plaintiff in this action to the extent permitted by law.

H. For an award of costs in this action.

I. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all issues so triable.

Date: May 24, 2019                                         Respectfully submitted,

**DAY PITNEY LLP**

*Attorneys for Plaintiff,*
*All Jersey Mechanical & Construction, Inc.*

By: */s/ Richard H. Brown*_____
  Richard H. Brown
  Day Pitney LLP
  One Jefferson Rd.
  Parsippany, NJ 07054-2891
  Tel: (973) 966-8119
  Fax: (973) 206-6129
  Email: rbrown@daypitney.com

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2 and 201.1(d)**

I certify that, to the best of my knowledge, the matter in controversy in this action is not the subject of any other action pending in any court and is not the subject of any pending arbitration or administrative proceeding.

I certify that Plaintiff's Complaint seeks non-monetary relief, and that this case is therefore exempt from compulsory arbitration.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 24, 2019 in Parsippany New Jersey.

By: */s/ Richard H. Brown*
Richard H. Brown
Day Pitney LLP
One Jefferson Rd.
Parsippany, NJ 07054-2891
Tel: (973) 966-8119
Fax: (973) 206-6129
Email: rbrown@daypitney.com

*Attorneys for Plaintiff,*
*All Jersey Mechanical & Construction, Inc.*